UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RAUL S. ZAVALA,<br><br>     Petitioner,<br><br> v.<br><br>HECTOR RIOS,<br><br>     Respondent. | NO: CV-11-288-RMP<br><br>ORDER DISMISSING PETITION |

  BEFORE THE COURT is Mr. Zavala's First Amended Petition. ECF No. 11. Petitioner, a federal prisoner at the United States Penitentiary in Atwater, California, is proceeding *pro se* and *in forma pauperis;* Respondent has not been served. After review of the First Amended Petition and Mr. Zavala's accompanying documents, the Court finds his federal habeas petition is untimely under 28 U.S.C. § 2244(d).

  Mr. Zavala challenges his 1996 guilty plea to possession of a controlled substance with intent to deliver-Methamphetamine in Spokane County. He states he was sentenced to 26 months with a work ethics camp. In his accompanying

ORDER DISMISSING PETITION -- 1

1  Memorandum, ECF No. 12, Petitioner indicates his sentence has been served and
2  is now expired.  He asserts his present confinement has been enhanced by the
3  1996 conviction.

4  A federal habeas petition must be filed within one year after direct appellate
5  review concludes or the time for seeking such review expires.  See 28 U.S.C. §
6  2244(d)(1)(A); *Lindh v. Murphy,* 521 U.S. 320, 327-27 (1997).  Petitioner states
7  the date of his judgment of conviction and sentencing was July 9, 2006.  He
8  indicates he did not seek direct appellate review.

9  According to Washington's Rules of Appellate Procedure ("RAP"), the time
10  for seeking review as a matter of right is thirty (30) days after entry of the decision
11  of the trial court. RAP 5.2(a).  Therefore, the one-year period of limitation to file a
12  federal habeas petition began to run thirty days after July 9, 2006, on August 8,
13  1996.  Absent statutory or equitable tolling, the time limit for seeking federal
14  habeas review of the Spokane County conviction expired on August 8, 1997.

15  The one-year statute of limitations is tolled during the period "which a
16  properly filed application for State post-conviction or other collateral review with
17  respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2).
18  Mr. Zavala indicates a Motion to Vacate, which he filed in the Spokane County
19  Superior Court, was transferred to the Court of Appeals, Division III, on June 25,
20  2009.  A state court petition submitted in 2009, however, even if properly filed

ORDER DISMISSING PETITION -- 2

under state law, could not have tolled the federal limitations period which had already expired on August 8, 1997. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

Although granted the opportunity to do so, Plaintiff has failed to present any facts which would entitle him to equitable tolling. He asserts "the denial of my petition for review by the Washington State Supreme Court was filed within the one-year." Once again, even if a state petition was pending between sometime in 2009 and June 11, 2010, this could not revive the federal limitations period which had already expired on August 8, 1997.

In addition, Petitioner asserts his trial attorney knowingly possessed "information of [his] actual innocence" at the time he pleaded guilty. He requests an evidentiary hearing, and the appointment of counsel and an investigator to depose his trial attorney.

Petitioner, however, fails to specify what additional evidence he could develop, why that evidence "could not have been previously discovered through the exercise of due diligence," or how the additional evidence he wishes to develop would have likely affected the outcome of a trial. *See* 28 U.S.C. § 2254(e)(2)(A)(ii); *Williams v. Taylor,* 529 U.S. 420, 432 (2000). Furthermore, habeas petitioners may not "use federal discovery for fishing expeditions to

ORDER DISMISSING PETITION -- 3

investigate mere speculation." *Calderon v. U.S. Dist. Court*, 98 F.3d 1102, 1106 (9th Cir. 1996) (citation omitted); *United States ex rel. Nunes v. Nelson*, 467 F.2d 1380, 1380 (9th Cir. 1972) (state prisoner "is not entitled to a discovery order to aid in the preparation of some future habeas corpus petition"); *Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970) ("Habeas corpus is not a general form of relief for those who seek to explore their case in search of its existence.").

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, ⎯⎯ U.S. ⎯⎯, ⎯⎯, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (internal quotation marks omitted). Petitioner has failed to show sufficiently "extraordinary circumstances" beyond his control have kept him from timely filing a federal habeas petition. *See Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008). Furthermore, he fails to make a credible showing that he is actually innocent. *See Lee v. Lampert,* 653 F.3d 929, 937 (9th Cir. 2011)(*en banc*).

For the reasons set forth above and in the Court's previous Order. ECF No. 9, **IT IS ORDERED** Mr. Zavala's habeas action is **DISMISSED with prejudice** as time-barred under 28 U.S.C. § 2244(d).

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, enter judgment, and forward copies to Petitioner at his last known address.

ORDER DISMISSING PETITION -- 4

...

The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

**DATED** this 15th day of December 2011.

                                             *s/ Rosanna Malouf Peterson*
                                          ROSANNA MALOUF PETERSON
                                          Chief United States District Court Judge

ORDER DISMISSING PETITION -- 5